UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| SAMUEL DICKERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 23-3150 |
| | ) | |
| SANGAMON COUNTY STATE'S | ) | |
| ATTORNEY, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MERIT REVIEW ORDER</u>**

Plaintiff, proceeding pro se and presently detained at Sangamon County Jail, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. Plaintiff filed a Motion for Leave to File an Amended Complaint. (Doc. 4). The motion is granted. Fed. R. Civ. P. 15(a)(1). The Court will consider only those allegations in Plaintiff's amended complaint for purposes of this Order.

The Court must "screen" Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that he was arrested following execution of a search warrant on his residence. He alleges that Defendant Sangamon County State's Attorney has "chosen to vindictive[ly] and selectively prosecute the Plaintiff in Bad Faith with no expectations of securing a valid conviction." (Doc. 4 at 6). He also alleges that Defendant Sullivan, the public defender assigned to represent him, has refused to file motions and seek evidence Plaintiff desired and that he has otherwise violated his ethical duties as a lawyer. Plaintiff alleges that both Defendants are conspiring to violate his constitutional rights.

"Prosecutors are absolutely immune for actions they undertake in their capacities as prosecutors, even including malicious prosecution unsupported by probable cause." *Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017); *Lewis v. Mills*, 677 F.3d 324, 330 (7th Cir. 2012). Public defenders are not state actors for purposes of 42 U.S.C. § 1983. *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981). Plaintiff, accordingly, cannot prevail against Defendants State's Attorney and Sullivan. Plaintiff does not make any specific allegations against Defendant Bennett, the director of the Illinois Department of Human Rights, and, therefore, the Court will dismiss this defendant.

To the extent that Plaintiff alleges Defendants State's Attorney and Sullivan have conspired to violate his Sixth Amendment rights under *Brady v. Maryland*, the Court must abstain from intervening in his state court criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 44 (1971); *Mulholland v. Marion Cty. Election Bd.*, 746 F.3d 811, 815 (7th Cir. 2014). Plaintiff's criminal case proceedings involve the same set of facts, are judicial in nature, implicate important state interests in enforcing their own laws, and Plaintiff will have an opportunity to present his constitutional issues in that case. If convicted, Plaintiff's Sixth Amendment claim is properly pursued in a habeas corpus action, not an action for money damages. *Preiser v.*

*Rodriguez*, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for individuals challenging a fact or duration of confinement and seeking immediate or speedier release from custody); *Heck v. Humphrey*, 512 U.S. 477 (1994).

Plaintiff's amended complaint is dismissed for failure to state a claim upon which relief can be granted and because he sued individuals who are immune from suit. The Court ordinarily grants a plaintiff at least one opportunity to amend, but, given the issues presented, the Court finds that any amendment would be futile.

### Plaintiff's Motion to Request Counsel (Doc. 6)

28 U.S.C. § 1915 permits the Court to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The provision does not grant an indigent plaintiff a statutory or constitutional right to counsel in these types of cases, nor does it grant the Court the authority to require an unwilling attorney to represent either party. *Wilborn v. Ealey*, 881 F.3d 998, 1008 (7th Cir. 2018). If the case so warrants, a court can only ask a lawyer to volunteer his or her time. *Id.* The number of attorneys in this district willing to do so is substantially fewer than the number of pro se plaintiffs asking for pro bono counsel.

In considering the Plaintiff's motion, the court asks: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Plaintiff satisfied the first prong.

The second prong requires the Court to conduct a particularized inquiry into Plaintiff's competence and the difficulty of the case. *McCaa v. Hamilton*, 959 F.3d 842, 844 (7th Cir. 2020). This assessment extends beyond the trial stage of proceedings to include "the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other

court filings, and trial." *Pruitt*, 503 F.3d at 655. "Although there are no fixed criteria for determining whether a plaintiff is competent to litigate his own case, a district court certainly should consider the plaintiff's literacy, communication skills, educational level, litigation experience, intellectual capacity, and psychological history." *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). A district court may also consider the relative strength or weakness of a plaintiff's claims. *Watts v. Kidman*, 42 F.4th 755, 761 (7th Cir. 2022).

Plaintiff has personal knowledge of the facts, he has adequately conveyed them to the Court, and this case does not appear to exceed his intellectual ability. Because Plaintiff appears capable of representing himself at this stage, and because he does not have a legally viable claim, Plaintiff's motion is denied.

### Plaintiff's Motion for Change of Venue (Doc. 9)

Plaintiff seeks a change of venue in his pending state court criminal cases. The Court does not have authority to grant the relief Plaintiff seeks. Plaintiff's motion is denied.

### Plaintiff's Motion for Order to Show Cause and Preliminary Injunction (Doc. 13)

Plaintiff asks the Court to enter an order directing defendants to dismiss his pending state criminal charges or produce all discovery, change the venue of those proceedings, pay the requested settlement amount, and immediately release Plaintiff from custody.

For the reasons stated above, Plaintiff has not shown a reasonable likelihood of success on the merits to warrant injunctive relief. *Foodcomm Int'l v Barry*, 328 F.3d 300, 303 (7th Cir. 2003). Plaintiff's motion is denied.

### Plaintiff's Motions (Docs. 12, 15, 16, 17, 19)

Plaintiff's motions to file evidentiary material with the Court (Docs. 12, 15, 16, 17) are denied. Discovery material is generally not filed with the Court.

Plaintiff's motion to compel jail officials to forward his initial filing fee (Doc. 19) is granted to the extent that Plaintiff asks the Court to remind jail officials of previously court orders and denied as to any other relief requested.

### Plaintiff's Motion (Doc. 21)

Plaintiff requests an asylum officer to come to his place of confinement so that he can renounce his United States citizenship. The Court does not have jurisdiction over officers of another United States agency in this case, nor does the Court have authority to grant Plaintiff's request to renounce his citizenship. *See* 8 U.S.C. § 1481(a)(5)-(6). Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to File Amended Complaint [4] IS GRANTED. Clerk is directed to docket the proposed amended complaint attached to Plaintiff's motion.**

2) **Plaintiff's Motions [6][9][12][13][15][16][17][21] are DENIED.**

3) **Plaintiff's Motion [19] is GRANTED in part and DENIED in part. Clerk is directed to forward a copy of this Order and the Court's Text Order entered April 28, 2023, to officials at Plaintiff's place of confinement, attention: Trust Fund Office.**

4) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile. This case is therefore terminated. All pending motions are denied as moot. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.**

5) **This dismissal may count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g). The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.**

6) **Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.**

7) **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does**

**choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 31st day of July, 2023.


*s/Sara Darrow*
_____
SARA DARROW
CHIEF U.S. DISTRICT JUDGE